NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2465-15T1

PATTI HERRING,

 Plaintiff-Appellant,

v.

KETTLEMAN'S BAGELS DELI
AND GRILL, and CINTAS
CORPORATION,

 Defendants-Respondents.
_______________________________

 Argued August 8, 2017 – Decided August 17, 2017

 Before Judges Hoffman and Currier.

 On appeal from the Superior Court of New
 Jersey, Law Division, Somerset County, Docket
 No. L-343-14.

 Brian J. Levine argued the cause for
 appellant.

 Jerald F. Oleske argued the cause for
 respondent Kettleman's Bagels Deli and Grill
 (Lebowitz, Oleske, Connahan & Kassar, LLC,
 attorneys; Mr. Oleske, on the brief).

 Michael B. Devins argued the cause for
 respondent Cintas Corporation (McElroy,
 Deutsch, Mulvaney & Carpenter, LLP, attorneys;
 Mr. Devins and Joseph G. Fuoco, on the brief).
PER CURIAM

 Plaintiff Patti Herring appeals from the January 26, 2016

orders for summary judgment entered in favor of defendants

Kettleman's Bagels Deli and Grill and Cintas Corporation. After

a review of the contentions in light of the record and applicable

legal principles, we affirm.

 We derive the facts from the summary judgment record viewing

them in a light most favorable to the non-movant plaintiff.

 On the day of these events, plaintiff was meeting some family

members at Kettleman's for lunch. She walked into the deli, and

when she did not see her family, she went back out the front door.

When her family arrived, plaintiff reentered the store. As she

did so, she tripped on the upturned corner of a mat that was on

the floor just inside the entrance and fell. Surveillance video

of the store showed another customer had dislodged the corner of

the mat seconds before plaintiff came through the door the second

time.

 Kettleman's had contracted with defendant Cintas to provide

several mats for the entrance and counter areas of the store.

Kettleman's owner had not specified any particular sizing for the

mats. The mats had been delivered and put into place by Cintas.

 Plaintiff retained the services of an engineer, Wayne F.

Nolte, PhD, PE. In his report, Nolte opined that

 2 A-2465-15T1
 [t]he only reason why the mat at the door
 flipped up and created an entrapment hazard
 for [plaintiff] was due to it being short[,]
 approximately 3'x 5' which placed its end in
 a foreseeable customer pathway within the
 store, giving opportunity for a customer to
 contact the corner and cause it to flip up.
 Placement of a ten foot (10') mat in that area
 would not have exposed a corner that was free
 to be flipped up.

The engineer cited to standards from the American National Standard

Institute and National Safety Council in his report.

 Both defendants moved for summary judgment. Kettleman's

argued that it did not create a dangerous condition nor did it

have actual or constructive knowledge of any unsafe condition

within its store. With plaintiff entering the store and stepping

on the upturned mat on the heels of the patron who had dislodged

it, there was no opportunity for a reasonable business owner to

notice and correct the condition. Kettleman's noted there was no

authority cited by Nolte that the mat in place violated any

regulation, statute, code or industry standard.

 Cintas contended that plaintiff could not establish its claim

of negligence as the company had delivered the mats to Kettleman's

several days earlier, and no subsequent problems had been reported.

Cintas noted that the surveillance footage showed the mat lying

flat; it was not dislodged until a customer inadvertently kicked

it up. Cintas delivered the mat size specified in its contract

 3 A-2465-15T1
with Kettleman's and contended that it was under no obligation to

provide a larger mat.

 Both defendants argued that Nolte had failed to provide any

support for his opinion that a longer mat should have been used.

Moreover, Nolte had conceded at his deposition that the corner of

a 3' x 10' mat could be flipped up as easily as the mat in this

store. Defendants posited that Nolte's opinion was an

impermissible net opinion, requiring dismissal of the complaint.

 In addressing defendants' motions, Judge Margaret Goodzeit

found that expert testimony was required to establish the

appropriate standard of care owed to plaintiff by defendants and

whether Kettleman's had deviated from it. Nolte had provided such

an opinion for plaintiff. However, the judge noted that at his

deposition, Nolte had testified that

 he was unaware of any statute, code,
 regulation or law that would prohibit the use
 of a 3'x 5' mat such as the one that was at
 Kettleman's on the day of the accident, nor
 was he aware of any industry custom or
 standard that would prohibit the use of such
 a mat at the entrance of the store.

 Judge Goodzeit concluded that the lack of data supporting

Nolte's opinion rendered it an impermissible net opinion. She

stated: "Nolte had no basis to conclude that the subject mat was

either too short, or too light." As a result, plaintiff could not

 4 A-2465-15T1
support her theory of negligence against either defendant, and the

motions for summary judgment were granted.

 On appeal, plaintiff argues that the trial judge erred in

granting the motions. She states that it was reasonably

foreseeable that a 3'x 5' mat placed in the entranceway of this

store could be uplifted by another customer. A longer mat or no

mat at all in this specific area would have been preferable as

either would have "eliminated the exposure of the corner of the

mat to uplift by other customers." She also contends that expert

testimony was not required to support her theory of negligence,

and that Nolte's opinion was not a net opinion.

 We review the grant of summary judgment, as we must, using

the same standard as the trial court and viewing the evidence "in

the light most favorable to the non-moving party." Brill v.

Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). "[T]he

legal conclusions undergirding the summary judgment motion itself

[are reviewed] on a plenary de novo basis." Estate of Hanges v.

Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 385 (2010).

 Kettlemen's, as the proprietor of a store, owed to invitees

such as plaintiff, a duty of reasonable care to guard against any

dangerous conditions on the property of which Kettleman's either

knew about or should have discovered. Hopkins v. Fox & Lazo

Realtors, 132 N.J. 426, 434 (1993). "That standard of care

 5 A-2465-15T1
encompasses the duty to conduct a reasonable inspection to discover

latent dangerous conditions." Ibid. (citing Handleman v. Cox, 39

N.J. 95, 111 (1963); Restatement (Second) of Torts § 343 (1969)).

"Ordinarily an injured plaintiff asserting a breach of that duty

must prove, as an element of the cause of action, that the

defendant had actual or constructive knowledge of the dangerous

condition that caused the accident." Nisivoccia v. Glass Gardens,

Inc., 175 N.J. 559, 563 (2003). A plaintiff can establish that a

business owner had constructive knowledge of a danger by

establishing that the owner "had an adequate opportunity to

discover the danger and therefore would have discovered it had

[the owner or occupier's employees] been reasonably alert." Bohn

v. Hudson & Manhattan R. Co., 16 N.J. 180, 186 (1954) (citations

omitted).

 Plaintiff does not contend that defendants1 had actual or

constructive knowledge of this upturned mat; she argues only that

it was foreseeable that a corner of the mat might be uplifted.

Therefore, plaintiff posits that she has established sufficient

proofs that defendants breached their duty of care. She also

contends that expert testimony was not required for her to meet

her proofs. We disagree.

1
 Plaintiff does not differentiate between the defendants in her
arguments on appeal.

 6 A-2465-15T1
 The issue in this case is not whether it was reasonably

foreseeable that a corner of a mat might be uplifted by someone's

foot in this busy store; it is whether the placement of this size

mat in the particular location created a foreseeable risk of

injury. The determination of that issue required expert testimony.

The average juror is not equipped to determine whether the mat

delivered by Cintas and placed in Kettleman's was the proper mat

for the particular location. The jury was not competent to supply

the standard by which to review the defendants' conduct; plaintiff

needed to establish the "requisite standard of care and

[defendants'] deviation from that standard" through reliable

expert testimony. Davis v. Brickman Landscaping, Ltd., 219 N.J.

395, 407 (2014) (quoting Giantonnio v. Taccard, 291 N.J. Super.

31, 43 (App. Div. 1996)). Expert testimony is permitted under

N.J.R.E. 702 "to assist the trier of fact to understand the

evidence or determine a fact in issue." And, it is necessary when

the subject matter is beyond the knowledge of the average

layperson. See Schochet v. Schochet, 435 N.J. Super. 542, 550

(App. Div. 2014).

 Nolte served as such an expert for plaintiff. But his opinion

that a larger mat was required was not supported by any statute,

regulation, industry standard or code. Some of the standards he

mentioned in his report are not accepted as authority in this

 7 A-2465-15T1
state. Simply put, Nolte did not rely on anything for his opinion;

that failure renders it an impermissible net opinion. See Saddle

River v. 66 East Allendale, 216 N.J. 115, 123 n.3, 143-144 (2013)

(concluding that an expert's bare conclusions, unsupported by

factual evidence or other data, are inadmissible as a mere net

opinion). An expert is required to "give the why and wherefore

of his or her opinion, rather than a mere conclusion." Rosenberg

v. Tavorath, 352 N.J. Super. 385, 401 (App. Div. 2002) (citation

omitted).

 Plaintiff was unable to support her claims against defendants

without proper expert testimony. Therefore, the motions for

summary judgment were properly granted.

 Affirmed.

 8 A-2465-15T1